I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: _____1-2-13_____

_____
DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SHAWN LIONEL LEWIS,

                    Petitioner,

        vs.

CITY OF LOS ANGELES,

                    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12-10531-GW (JPR)

ORDER SUMMARILY DISMISSING HABEAS
PETITION AND ADMINISTRATIVELY
CLOSING CASE

        On September 11, 2012, in Case No. CV 12-7756-GW (JPR),
Petitioner filed what he styled as a Petition for Writ of Habeas
Corpus by a Person in State Custody under 28 U.S.C. § 2254.
Because the petition was "patently frivolous," on October 3,
2012, the Court denied Petitioner's request to proceed in forma
pauperis and dismissed the petition without leave to amend.  On
November 6, 2012, Petitioner filed another frivolous petition
(No. CV 12-9491-GW (JPR)), which the Court again dismissed
without leave to amend after denying in forma pauperis status.

        Nonetheless, on December 10, 2012, Petitioner filed another

1

1 unintelligible habeas petition.[1]  It too must be dismissed
2 without leave to amend because it is patently frivolous and for
3 the additional reason that Petitioner has not sought leave from
4 the Ninth Circuit Court of Appeals to file a successive petition.
5      Petitioner raises four claims in his latest Petition.  None
6 make sense.  In their entirety, they read as follows:
7      a.   A. Hami Exe Office Board of Supervisors File 12-
8      1102402*001  Board  #  12-2834  may  have  lost  file  12-
9      1102402x002 Board # 12-1836 I mailed it to Sacramento
10     legelature Rep assembley
11     b.   Disability to hold Other Offices Dean C. Logan Los
12     Angeles County Registrar P.O. Box 30450 LA CA 90030-0450
13     voteing priviliges why cant I Run for elected office as
14     mayor of the City of los angeles?
15     c.   Senator Diane Fienstien backs Wendy Geruel.   My
16     Assembley Repensitive wont respond to my claim # 12-2836
17     as Proof.
18     d.   Disqualification for Public Office Initiative which
19     bars proponents with felons from regestering as candates
20     for the city council or mayors congressional seat
21     In addition to being unintelligible, these claims seemingly
22 have nothing to do with whatever criminal conviction Petitioner
23 could theoretically challenge in a habeas petition, assuming the
24 claims were timely, exhausted, and not otherwise procedurally
25 _____

26   [1]During this same general time period, Petitioner has filed
   two patently frivolous civil rights complaints.  The magistrate
27 judge's recommendations to deny in forma pauperis status and
   dismiss the complaints are pending before the Chief Judge of the
28 district.  See Case Nos. CV 12-10485-UA-JPR & 12-10695-UA-JPR.

2

1  barred.  Moreover, Petitioner apparently is no longer

2  incarcerated, so it is not clear that he even remains in

3  "custody" for purposes of the habeas statute.

4      Rule 4 of the Rules Governing Habeas Corpus Cases Under

5  Section 2254 states that a district judge "must dismiss" a habeas

6  petition "[i]f it plainly appears from the petition and any

7  attached exhibits that the petitioner is not entitled to relief."

8  Summary dismissal is appropriate when the petition is "patently

9  frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491

10  (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 76,

11  97 S. Ct. 1621, 1630, 52 L. Ed. 2d 136 (1977)); see also Crone v.

12  Snook, 269 U.S. 540, 46 S. Ct. 202, 70 L. Ed. 401 (1926) (per

13  curiam) (denying in forma pauperis status because question

14  presented in appeal from denial of habeas was "frivolous").

15      Here, the Petition is patently frivolous; the Court "must"

16  therefore dismiss it.  Moreover, because the Court dismissed

17  Petitioner's September and November 2012 petitions without leave

18  to amend, this Petition is successive, and Petitioner needed

19  permission from the Ninth Circuit to file it.  See 28 U.S.C.

20  § 2244(b); Cooper v. Calderon, 274 F.3d 1270, 1273-74 (9th Cir.

21  2001).  He has not gotten any such permission, as far as the

22  Court can tell.  Accordingly, in forma pauperis status is DENIED

23  and the Petition is DISMISSED without leave to amend.

24
DATED: December 26, 2012                    _____

25                                          GEORGE H. WU
                                            U.S. DISTRICT JUDGE
26  Presented by:

27  _____

    Jean Rosenbluth
28  U.S. Magistrate Judge


3